

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 27, 1960

Honorable H. R. Nieman, Jr.
Executive Director
State Building Commission
State Office Building
Austin 1, Texas

Opinion No. WW-867

Re: Whether expenses for
attorney's fees and
fees for an expert
witness incurred in
connection with a con-
demnation suit involv-
ing land being acquired
for the erection of the
State Archives and Library
Building may be paid from
the appropriation desig-
nated for the purchase
Dear Mr. Nieman:            of land for such building.

You have requested an opinion as to whether
expenses for attorney's fees and fees for an expert
witness incurred in connection with a condemnation
suit involving land being acquired for the erection
of the State Archives and Library Building may be
paid from the appropriation designated for the pur-
chase of land for such building. This appropriation
was originally passed as part of the General Appro-
priation Act of the 55th Legislature, the relevant
portion of which reads as follows:

"There is hereby appropriated out
of the Motor Vehicle Inspection fund to
the State Building Commission for the pur-
pose of purchasing land, preparing the site,
planning, constructing and initially equip-
ping a State Library and Archives Building
to house the State Library, General Land

Office, State Archives and Museum."
House Bill 133, Acts 55th Legislature, 1957,
chapter 385, pages 870, 954.

Any unobligated balances remaining in this appropria-
tion as of August 31st, 1959, were reappropriated in
the General Appropriation Act of the 56th Legislature.
House Bill 4, Acts 56th Legislature, Third Called Ses-
sion, 1959, chapter 23, pages 442, 514.

You inform us that in the case of the expert wit-
ness fee, the State Comptroller of Public Accounts has
refused to pay the claim for the fee in question from
the amount appropriated by the provision just quoted,
and that he has taken the position that a claim of
this type should be paid from the appropriation desig-
nated "For other salaries--Professional Services and
part time employees." House Bill No. 4, Acts 56th
Legislature, supra, chapter 23, pages 442, 511.

We held in Opinion WW-699 that expenditures made
in the acquisition of a statement of facts to be used
in connection with the acquisition of real property
for the construction of the Library and Archives Build-
ing were properly chargeable to the appropriation
"for other salaries or professional services, by con-
tract or part time employment" made in the General
Appropriation Bill of the 55th Legislature, and that
such expenditures were also properly chargeable to
the appropriation for the purpose of purchasing land,
preparing the site, etc., for the erection of the
Library and Archives Building. While the language
by which the latter appropriation was made is still
in effect, having been incorporated into the Appro-
priation Bill of the 56th Legislature by means of a
reappropriation, the language of the former appro-
priation is not: in its place there appears in the
Appropriation Bill of the 56th Legislature the slightly
different appropriation mentioned above, namely, an
appropriation "for other salaries--Professional Ser-
vices and part time employees."

We are of the opinion that the present expendi-
tures for attorney's fees and expert witness fees,
like the expenditure in Opinion WW-699 for prepara-
tion of a statement of facts, are properly charge-
able either to the appropriation for professional
services and part time employees or to the appro-

priation for purchasing land for the Archives and Library Building. In reaching this conclusion, it is necessary for us to consider two questions: (1) is the language of the appropriation for professional services and part time employees such as to make that appropriation the exclusive source from which attorney's fees and expert witness fees could be paid; and (2), if not, did the appropriation for the purchase of the land for the erection of the Library and Archives Building contemplate an expenditure of this type?

In answer to Question 1, we follow our holding in Opinion WW-699 in concluding that the appropriation for professional services and part time employees was not intended to be the exclusive source from which compensation for personal services rendered in the prosecution of a condemnation suit could be paid. We do not think that the slight differences in wording between the appropriation of the 55th Legislature and that of the 56th are material in the present case.

In answer to the second question, we are of the opinion that any expenditure which reasonably appears to be a necessary incident to the successful prosecution of a condemnation suit instituted in order to acquire land for the erection of a building, is properly paid from the appropriation designated for the purchase of such land. See Attorney General's Opinion No. WW-472. An expenditure for the services of an attorney or an expert witness falls within this class.

Consequently, the expenditures here in question are properly chargeable to either of the two appropriations discussed above, it being within the discretion of the agency to whom the appropriation was made to determine which one.

## SUMMARY

Expenses for attorney's fees and fees for an expert witness incurred in connection with a condemnation suit involving land being acquired for the State Archives and Library Building may, in the discretion of the State Building Commission, the agency to whom the appropriations were made, be paid

either from the appropriation designated for the purchase of land for such building or from the appropriation for "other salaries--Professional Services and part time employees."

Very truly yours,

WILL WILSON
Attorney General of Texas

By Lawrence Hargrove

Lawrence Hargrove
Assistant Attorney General

LH:hb

APPROVED:

OPINION COMMITTEE
J. C. Davis, Chairman

Bob Eric Shannon
Joseph G. Rollins, Jr.
Marvin H. Brown, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore